IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NANCY NELSON,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**IMAPDATA.COM, INC.,**<br><br>　　　　**Defendant.** | Case No. 1:06-cv-01600-CKK |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant iMapData Inc.[1], by counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Nancy Nelson's Complaint in the above-captioned matter.

### PRELIMINARY STATEMENT

Defendant acknowledges that Plaintiff seeks to set forth claims for breach of contract, fraud, negligent misrepresentation, and unjust enrichment, but denies that such claims have any merit or that Plaintiff is entitled to any relief. Defendant admits that it once employed Plaintiff as a Senior Director of Government Sales. Defendant denies the remaining allegations contained in the Preliminary Statement of the Complaint.

Answering the remainder of the Complaint by correspondingly numbered paragraphs, Defendant states as follows:

### PARTIES[2]

1.　　Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

---

[1] iMapData Inc. is the proper corporate entity in this case. Defendant will provide its consent to Plaintiff's formal amendment of the caption to reflect the proper corporate entity.

[2] Defendant uses the headings set forth by Plaintiff in her Complaint simply for ease of reference.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint. By way of further answer, Defendant states that it was organized in the State of Delaware and its principal place of business is in Virginia.

## JURISDICTION AND VENUE

3. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that it is a citizen of Georgia. Based on the allegations set forth by Plaintiff, Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that it regularly does business in Washington, D.C. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

## FACTS RELATING TO ALL COUNTS

6. Defendant denies that Plaintiff began her employment in early 2004. Defendant did not hire Plaintiff until June 2004. Defendant admits the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff received and signed a 2006 ChoicePoint Government Services' Federal Account Executive (Data) Sales Incentive Plan (hereafter "2006 Sales Incentive Plan") in March 2006. Defendant states that the 2006 Sales Plan speaks for itself and, therefore, denies Plaintiff's selective characterizations and interpretations of the Sales Incentive Plan. Defendant specifically denies Plaintiff's characterization of the commission formula and the Limitations And/Or Adjustments provision of the 2006 Sales Incentive Plan. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff was one of several individuals involved in the sale of a contract with the Department of Homeland Security at the time the 2006 Sales Incentive Plan was presented.

10. Defendant admits that Plaintiff asked Regional Manager James Webster whether any of her accounts would fall under Section E of the 2006 Sales Incentive Plan. Defendant denies that Plaintiff asked in the exact manner quoted in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff agreed to and accepted the 2006 Sales Incentive Plan. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that it paid Plaintiff a commission of approximately $72,697.50 for her role in the Department of Homeland Security contract. Defendant admits that the remainder of the total commission amount was paid to two other employees who played more prominent roles in securing the same contract. Defendant admits that Plaintiff received all of the revenue credit for the sale. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff voluntarily resigned her employment. Defendant is without knowledge or information sufficient to form a belief as to why Plaintiff chose to resign, and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that it has not paid, nor was it required to pay, Plaintiff commissions for future billings after her voluntary resignation. Defendant denies the remaining and speculative allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

17. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-16 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT II
## FRAUD

20. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-19 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT III
## NEGLIGENT MISREPRESENTATION

26. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-25 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT IV
## UNJUST ENRICHMENT

32. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-31 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT V
## BREACH OF CONTRACT

34. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-33 of the Complaint.

35. Defendant denies the generalized and overly simplistic allegation contained in Paragraph 35 of the Complaint.

36. Defendant denies the vague allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies that Plaintiff is entitled to any of the relief set forth in her *ad damnum* clause in her Complaint.

38. All paragraphs of the Complaint or other allegations contained therein that are not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Further answering, and by way of defense, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a valid claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of payment.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred to the extent they run afoul of the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that all conditions precedent have not been fulfilled.

### FIFTH AFFIRMATIVE DEFENSE

Any actions taken in regard to Plaintiff were neither willful nor intentional, and were taken without malice.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred by the parol evidence rule.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint may be barred by Plaintiff's failure to mitigate her damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Plaintiff did or could have earned through reasonable efforts or proper mitigation.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate malice or reckless indifference.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to, and cannot demonstrate sufficient evidence of, any recoverable damages as a result of any alleged breach of contract, fraud, negligent misrepresentation, or unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in misconduct, fraud, violation of Company policies, or other conduct that would have resulted in her termination by Defendant, or would have precluded her from obtaining employment with Defendant, Plaintiff's damages, if any, are barred by the doctrine of after-acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has been damaged as alleged, such damages were caused by her own acts through her contributory negligence, by the acts of those other than Defendant, or by acts for which Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent there was no legally enforceable contract, no breach of any alleged contractual provision, and/or no resulting damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived, released, or should be estopped from asserting, some or all of the claims asserted in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses, as appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That the claims in Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by reason of said Complaint or any of the claims set forth therein;

3. That Defendant recover its costs, disbursements, expenses, and attorneys' fees herein; and

    4.  That the Court grant such other and further relief as it may deem just and proper.

Dated:  October 20, 2006                  Respectfully submitted,

                                            LITTLER MENDELSON, P.C.


                                            /s/ Erik C. Johnson
                                          Erik C. Johnson (D.C. Bar No. 484447)
                                          1150 17th Street, NW, Suite 900
                                          Washington, DC  20036
                                          (202) 842-3400  Telephone
                                          (202) 842-0011  Facsimile

                                          Attorney for Defendant iMapData Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2006, a true and correct copy of the foregoing *Defendant's Answer and Affirmative Defenses* was served by regular U.S. mail, postage prepaid, upon the following:

> David U. Fierst, Esq.
> Stein, Mitchell & Mezines, LLP
> 1100 Connecticut Avenue, Suite 1100
> Washington, D.C. 20036
>
> Attorney for Plaintiff Nancy Nelson

  /s/ Erik C. Johnson
Erik C. Johnson