IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NANCY NELSON,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**IMAPDATA INC.,**<br><br>      **Defendant.** | Case No. 1:06-cv-01600-CKK |

### PARTIES' JOINT RULE 16.3 REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, Plaintiff Nancy Nelson and Defendant iMapData Inc. hereby submit their Joint Rule 16.3 Report. David U. Fierst, counsel for Plaintiff Nancy Nelson, and Erik C. Johnson, counsel for Defendant iMapData Inc., met in person on October 30, 2006, to discuss the matters required by the rules and the Court's Order dated October 25, 2006.

    1.    <u>Local Civil Rule 16.3(c)(1)</u>

Plaintiff believes discovery will yield evidence that relief is merited and that the case will not be resolved by dispositive motion.

Defendant believes that the case is likely to be disposed of by dispositive motion. If appropriate based upon the evidence obtained during discovery, Defendant anticipates filing a motion for summary judgment after the close of discovery.

2. <u>Local Civil Rule 16.3(c)(2)</u>

The parties believe that any other parties should be joined and pleadings should be amended no later than December 15, 2006. The parties also believe that none of the substantive factual or legal issues can be agreed upon or narrowed at this time absent discovery.

3. <u>Local Civil Rule 16.3(c)(3)</u>

The parties believe that the case should not be assigned to a magistrate judge.

4. <u>Local Civil Rule 16.3(c)(4)</u>

It is unclear at this time whether there is a realistic possibility of settling the case. The parties discussed their relative, initial settlement positions and agreed to keep a settlement dialogue going through the pendency of the case.

5. <u>Local Civil Rule 16.3(c)(5)</u>

It is unclear at this early stage of the litigation whether alternative dispute resolution procedures would be beneficial. The parties have agreed to keep ADR procedures such as mediation in mind, especially at the end of the discovery period.

6. <u>Local Civil Rule 16.3(c)(6)</u>

Defendant believes that the case can be resolved by filing a motion for summary judgment. The parties propose the following deadlines:

   a. Dispositive motions should be filed thirty (30) days after the close of discovery, which would be by May 16, 2007.

   b. Oppositions to dispositive motions should be filed thirty (30) days thereafter, which would be by June 15, 2007.

  c. Replies to oppositions to dispositive motions should be filed fourteen (14) days after oppositions to dispositive motions, which would be by June 29, 2007.

7. <u>Local Civil Rule 16.3(c)(7)</u>

The parties believe that no changes should be made in the scope or form of the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). Given the holiday season, the parties respectfully request that they have until December 15, 2006, to exchange their initial disclosures.

8. <u>Local Civil Rule 16.3(c)(8)</u>

The parties anticipate that discovery will be needed on at least the following subjects: 1) Plaintiff's employment history; 2) Defendant's applicable Sales Incentive Plans; 3) Plaintiff's work on the Department of Homeland Security contract executed in 2006; 4) Plaintiff's employment since she worked for Defendant; 5) Plaintiff's alleged damages; 6) Defendant's reasons for splitting the commission at issue; and 7) other facts related to Plaintiff's allegations.

The parties propose that the discovery period begin on December 15, 2006, and last until April 16, 2007. The parties believe that a protective order may be appropriate depending on the proprietary or sensitive information requested during discovery. If a protective order becomes necessary, the parties will try to file a joint request for one.

The parties believe that it is not necessary to place any limitations on discovery in addition to the limitations of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The parties have agreed that they each shall be limited to a maximum of 25 interrogatories and 10 depositions.

9. <u>Local Civil Rule 16.3(c)(9)</u>

The parties have agreed to exchange expert witness reports, if any, no later than thirty (30) days before the close of discovery, which would be by March 16, 2007. The parties further agree that expert witnesses on any subject concerning liability shall be made available for deposition prior to the close of the discovery period. Expert witnesses on the issue of damages shall be made available for deposition within thirty (30) days after dispositive motions are decided.

10. <u>Local Civil Rule 16.3(c)(10)</u>

Not applicable.

11. <u>Local Civil Rule 16.3(c)(11)</u>

The parties do not believe that discovery needs to be bifurcated. Defendant reserves the right to seek bifurcation of the damages portion of any future trial.

12. <u>Local Civil Rule 16.3(c)(12)</u>

The parties propose that the pretrial conference be scheduled thirty (30) to sixty (60) days after the Court's decision on dispositive motions.

13. <u>Local Civil Rule 16.3(c)(13)</u>

The parties believe that the Court should decide when a firm trial date should be set.

14. <u>Parties' Brief Statements of the Case</u>

<u>Plaintiff's Statement</u>

Plaintiff Nancy Nelson sues iMapData Inc. for breach of contract, fraud, negligent misrepresentation, and unjust enrichment. Ms. Nelson was a sales employee of iMapData. She was entitled to a sales commission of $161,550 resulting from a sale to the Department of Homeland Security, but iMapData arbitrarily paid her only $72,697.50. The failure to pay Ms. Nelson her commission forced her to terminate her employment. Because she was no longer employed,

iMapData denied her additional commissions that she otherwise had earned from sales already made. As a result, Ms. Nelson was injured, and iMapData was unjustly enriched.

### Defendant's Statement

Plaintiff was employed by Defendant iMapData Inc. as a Senior Director of Government Sales from June 2004 until her voluntary resignation in April 2006. Defendant legitimately and lawfully paid Plaintiff for her work in that position and in a manner consistent with its Sales Incentive Plans. Defendant denies that it fraudulently or negligently misrepresented any aspect of Plaintiff's Sales Incentive Plan or how her commission on the Department of Homeland Security contract would be analyzed, calculated, and paid. Plaintiff voluntarily chose to resign her employment in April 2006.

15.  Statutory Bases for Claims and Defenses

Plaintiff's claims for breach of contract, fraud, negligent misrepresentation, and unjust enrichment are not based on any federal, state, or local statutes. Plaintiff does seek costs, fees, and some damages under D.C. Code §§ 32-1303 and 32-1308. At this early stage of the litigation, Defendant's defenses are grounded in theories of contract, tort, and common law, not based on any federal, state, or local statutes.

Pursuant to Local Rule 16.3(d), the parties also file contemporaneously herewith their Proposed Scheduling Order.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 8, 2006 | /s/ David U. Fierst |
|  | David U. Fierst (D.C. Bar No. 912899) |
|  | Stein, Mitchell & Mezines, LLP |
|  | 1100 Connecticut Avenue, Suite 1100 |
|  | Washington, DC  20036 |
|  | (202) 737-7777 (telephone) |
|  | (202) 296-8312 (facsimile) |
|  |  |
|  | Counsel for Plaintiff Nancy Nelson |
|  |  |
|  | /s/ Erik C. Johnson |
|  | Erik C. Johnson (D.C. Bar No. 484447) |
|  | Littler Mendelson, P.C. |
|  | 1150 17th Street, NW, Suite 900 |
|  | Washington, DC  20036 |
|  | (202) 842-3400  (telephone) |
|  | (202) 842-0011  (facsimile) |
|  |  |
|  | Counsel for Defendant iMapData Inc. |