IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NANCY NELSON,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**IMAPDATA INC.,**<br><br>　　　　**Defendant.** | Case No. 1:06-cv-01600-CKK-AK<br><br>Discovery Deadline: May 18, 2007<br><br>Status Conference: June 22, 2007 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant iMapData Inc., by counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Nancy Nelson's Second Amended Complaint in the above-captioned matter.

### PRELIMINARY STATEMENT

Defendant acknowledges that Plaintiff seeks to set forth claims for breach of contract, fraud, negligent misrepresentation, unjust enrichment, and quantum meruit, but denies that such claims have any merit or that Plaintiff is entitled to any relief. Defendant admits that it once employed Plaintiff as a Senior Director of Government Sales. Defendant denies the remaining allegations contained in the Preliminary Statement of the Second Amended Complaint.

Answering the remainder of the Second Amended Complaint by correspondingly numbered paragraphs, Defendant states as follows:

## PARTIES[1]

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Second Amended Complaint.

## JURISDICTION AND VENUE

3. Defendant denies that Plaintiff is entitled to any relief. Based on the allegations set forth by Plaintiff, Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Defendant admits the allegations contained in Paragraph 4 of the Second Amended Complaint.

5. Defendant admits that it regularly does business in Washington, D.C. Defendant denies the remaining allegations contained in Paragraph 5 of the Second Amended Complaint.

## FACTS RELATING TO ALL COUNTS

6. Defendant denies that Plaintiff began her employment in early 2004. Defendant did not hire Plaintiff until June 2004. Defendant admits the remaining allegations contained in Paragraph 6 of the Second Amended Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. Defendant admits that Plaintiff received and signed a 2006 ChoicePoint Government Services' Federal Account Executive (Data) Sales Incentive Plan (hereafter "2006 Sales Incentive Plan") in March 2006. Defendant states that the 2006 Sales Plan speaks for itself

---

[1] Defendant uses the headings set forth by Plaintiff in her Second Amended Complaint simply for ease of reference.

and, therefore, denies Plaintiff's selective characterizations and interpretations of the Sales Incentive Plan. Defendant specifically denies Plaintiff's characterization of the commission formula and the Limitations And/Or Adjustments provision of the 2006 Sales Incentive Plan. Defendant denies the remaining allegations contained in Paragraph 8 of the Second Amended Complaint.

9. Defendant admits that Plaintiff was one of several individuals involved in the sale of a contract with the Department of Homeland Security at the time the 2006 Sales Incentive Plan was presented.

10. Defendant admits that Plaintiff asked Regional Manager James Webster whether any of her accounts would fall under Section E of the 2006 Sales Incentive Plan. Defendant denies that Plaintiff asked in the exact manner quoted in Paragraph 10 of the Second Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. Defendant admits that Plaintiff agreed to and accepted the 2006 Sales Incentive Plan. Defendant denies the remaining allegations contained in Paragraph 12 of the Second Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendant admits that it paid Plaintiff a commission of approximately $72,697.50 for her role in the Department of Homeland Security contract. Defendant admits that the remainder of the total commission amount was paid to two other employees who played more prominent roles in securing the same contract. Defendant admits that Plaintiff received all of the

revenue credit for the sale. Defendant denies the remaining allegations contained in Paragraph 14 of the Second Amended Complaint.

15. Defendant admits that Plaintiff voluntarily resigned her employment. Defendant is without knowledge or information sufficient to form a belief as to why Plaintiff chose to resign, and, therefore, denies same. Defendant denies the remaining allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Defendant admits that it has not paid, nor was it required to pay, Plaintiff commissions for future billings after her voluntary resignation. Defendant denies the remaining and speculative allegations contained in Paragraph 16 of the Second Amended Complaint.

## COUNT I
## BREACH OF CONTRACT

17. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-16 of the Second Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Second Amended Complaint.

## COUNT II
## FRAUD

20. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-19 of the Second Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Second Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

## COUNT III
## NEGLIGENT MISREPRESENTATION

26. Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-25 of the Second Amended Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Second Amended Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Second Amended Complaint.

## COUNT IV
## UNJUST ENRICHMENT

32.     Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-31 of the Second Amended Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Second Amended Complaint.

## COUNT V
## BREACH OF CONTRACT

34.     Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-33 of the Second Amended Complaint.

35.     Defendant denies the generalized and overly simplistic allegation contained in Paragraph 35 of the Second Amended Complaint.

36.     Defendant denies the vague allegations contained in Paragraph 36 of the Second Amended Complaint.

## COUNT VI
## QUANTUM MERUIT

37.     Defendant incorporates by reference, as though fully stated herein, its denials and responses to the allegations contained in Paragraphs 1-36 of the Second Amended Complaint.

38.     Defendant admits that Plaintiff worked for iMapData Inc. and that Defendant has billed the Department of Homeland Security.  Defendant denies the remaining legal conclusions contained in Paragraph 38 of the Second Amended Complaint.

39.     Defendant admits that it employed and properly paid Plaintiff, and that Plaintiff performed some services on Defendant's behalf.  Defendant denies the legal conclusions contained in Paragraph 39 of the Second Amended Complaint.

40. Defendant admits that it employed and properly paid Plaintiff for the services she provided. Defendant denies the remaining legal conclusions contained in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Second Amended Complaint.

42. Defendant denies that Plaintiff is entitled to any of the relief set forth in her *ad damnum* clause in her Second Amended Complaint.

43. All paragraphs of the Second Amended Complaint or other allegations contained therein that are not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Further answering, and by way of defense, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a valid claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of payment.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred to the extent they run afoul of the statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that all conditions precedent have not been fulfilled.

## FIFTH AFFIRMATIVE DEFENSE

Any actions taken in regard to Plaintiff were neither willful nor intentional, and were taken without malice.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's contractual claims are barred by the parol evidence rule.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Second Amended Complaint may be barred by Plaintiff's failure to mitigate her damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against Plaintiff's claims of damage in the amount(s) that Plaintiff did or could have earned through reasonable efforts or proper mitigation.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate malice or reckless indifference.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to, and cannot demonstrate sufficient evidence of, any recoverable damages as a result of any alleged breach of contract, fraud, negligent misrepresentation, unjust enrichment, or quantum meruit.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in misconduct, fraud, violation of Company policies, or other conduct that would have resulted in her termination by Defendant, or would have precluded her from obtaining employment with Defendant, Plaintiff's damages, if any, are barred by the doctrine of after-acquired evidence.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff has been damaged as alleged, such damages were caused by her own acts through her contributory negligence, by the acts of those other than Defendant, or by acts for which Defendant is not responsible.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent there was no legally enforceable contract, no breach of any alleged contractual provision, and/or no resulting damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has waived, released, or should be estopped from asserting, some or all of the claims asserted in the Second Amended Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's equitable claims are barred to the extent that she has unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses, as appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That the claims in Plaintiff's Second Amended Complaint be dismissed with prejudice;
2. That Plaintiff take nothing by reason of said Second Amended Complaint or any of the claims set forth therein;
3. That Defendant recover its costs, disbursements, expenses, and attorneys' fees herein; and
4. That the Court grant such other and further relief as it may deem just and proper.

Dated: December 22, 2006                    Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/ Erik C. Johnson
Erik C. Johnson (D.C. Bar No. 484447)
1150 17th Street, NW, Suite 900
Washington, DC  20036
(202) 842-3400  Telephone
(202) 842-0011  Facsimile
ejohnson@littler.com

Attorney for Defendant iMapData Inc.