**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NANCY NELSON,** | |
|        **Plaintiff,** | **Case No. 1:06-cv-01600-CKK-AK** |
|        v. | **Discovery Deadline: May 18, 2007** |
| **IMAPDATA INC.,** | **Status Conference: June 22, 2007** |
|        **Defendant.** | |

## PARTIES' PROPOSED PROTECTIVE ORDER

    Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Nancy Nelson and Defendant iMapData Inc. hereby jointly propose this Protective Order to protect confidential and sensitive information regarding Plaintiff Nancy Nelson and confidential, proprietary and/or sensitive commercial information regarding Defendant iMapData Inc., as well as confidential personnel and financial documents and information related to current and/or former employees of Defendant, who are not parties to this action.  Plaintiff and Defendant are willing to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Protective Order.  Therefore, to preclude discovery disputes and to protect against the unauthorized dissemination and use of such information disclosed through discovery in this action, the parties hereby voluntarily agree and stipulate to the entry of this Protective Order.

Accordingly, good cause having been showing within the meaning of Fed. R. Civ. P. 26(c), and it appearing that the parties to this action consent to the Protective Order, **IT IS HEREBY ORDERED THAT:**

1.

The parties anticipate that the following confidential documents may be disclosed or procured during this litigation: (1) financial records relating to Plaintiff Nancy Nelson; (2) proprietary and confidential records relating to Defendant's relevant contracts with third parties, and documents showing the confidential negotiations leading to same; and (3) personnel and compensation information pertaining to current and former employees who are not parties to this action.

2.

As used herein, the word "document" means (a) all papers, documents, and printed and written materials produced or furnished by, or obtained by Plaintiff or Defendant during the course of this matter through discovery or third-party subpoenas; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto that relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; and (d) not any materials that in the good faith judgment of counsel are privileged or work product materials.

3.

All documents produced and information furnished by Plaintiff or Defendant that are designated as **"CONFIDENTIAL"** by the producing party shall be treated as such by all persons to whom such documents are disclosed. Such confidential documents, and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no

other purpose. Any documents designated as **"CONFIDENTIAL"** pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

4.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with Paragraph 3, supra.

5.

Any document, information, or deposition designated as **"CONFIDENTIAL"** under this Order shall, if filed with the Court, be clearly marked **"DOCUMENTS SUBJECT TO PROTECTIVE ORDER,"** sealed, placed in separate, secure storage by the Clerk, and opened only by authorized court personnel. The party making such filing shall follow Local Rule 5.1(j) when filing any sealed or confidential documents. Any documents filed under seal shall not be disseminated to the general public in any manner, including by use in any briefs, motions, or otherwise that may be open to the general public's inspection. It shall not be necessary to file any brief, or portion of brief, under seal, as long as the brief does not disclose or refer to specific information contained in the "**CONFIDENTIAL**" document(s).

6.

Documents, other materials, and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to the following persons:

(a) To the parties and their respective counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical

       personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

(b)    To the United States District Court for the District of Columbia, and any court of competent appellate jurisdiction, as well as Court personnel, including stenographic reporters regularly employed by the Court;

(c)    To other stenographic reporters as are necessarily incident to the conduct of this action; and,

(d)    Only on an as-needed basis, to witnesses or prospective witnesses or other persons requested by counsel to furnish technical or other expert services, provided that such witnesses are provided a copy of this Protective Order, agree in writing not to disclose this information to any party or person outside this litigation, agree in writing to be bound by this Protective Order, and consent in writing to the personal jurisdiction of the Court for any proceedings regarding violations of this Protective Order. Counsel for each party shall maintain the original signed writing for each witness to whom the confidential documents are disclosed. The writing shall include the full name, address, and telephone number for each witness who signs.

7.

A party shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any information, documents or things designated by another party as **"CONFIDENTIAL."** The challenging party will treat all materials or information designated as **"CONFIDENTIAL"** in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under

this paragraph they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

8.

Within thirty (30) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order and in the possession of the parties or their counsel, including any extracts, summaries or compilations taken therefrom, but excluding any materials that in the good faith judgment of counsel are work product materials, shall be returned to the party who furnished such materials.

9.

The provisions of this Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown or by other applicable rules. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information, and, if so, what protection, if any, may be afforded to such information at trial.

10.

At the conclusion of the case, the parties hereby permit the Clerk of the Court to return to undersigned counsel or to destroy any sealed material filed during the litigation.

AGREED AND CONSENTED TO BY:

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| /s/ David U. Fierst | /s/ Erik C. Johnson |
| David U. Fierst (Bar No. 912899) | Erik C. Johnson (Bar No. 484447) |
| Stein, Mitchell & Mezines, LLP | Littler Mendelson, P.C. |
| 1100 Connecticut Avenue | 1150 17th Street, N.W. |
| Suite 1100 | Suite 900 |
| Washington, D.C. 20036 | Washington, D.C. 20036 |
| (202) 737-7777 (phone) | (202) 842-3400 (phone) |
| (202) 296-8312 (fax) | (202) 842-0011 (fax) |

**SO ORDERED**, this _____ day of _____, 2007.

_____
United States District Court Judge